E-FILED
Wednesday, 05 July, 2017 08:56:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>STAR TRANSPORT, INC. HEALTH CARE PLAN,<br><br>Defendant. | Case No. 1:15-cv-01460-SLD-JEH |

## ORDER

Before the Court is Plaintiff OSF Healthcare System's ("OSF") motion for default judgment as to Defendant, ECF No. 12. For the following reasons, the motion is GRANTED.

OSF filed suit on November 12, 2015, ECF No. 1, seeking reimbursement under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, from Defendant Star Transport, Inc. Health Care Plan ("Star") after having provided services to one of Star's insureds. A summons was issued, ECF No. 2, and, after it was returned unexecuted, ECF No. 3, an alias summons was issued on January 25, 2016, ECF No. 4, which was subsequently returned, ECF No. 5, indicating that Star had been served on April 13, 2016. From that point, Star had until May 4, 2016 to file an answer or other responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Star did not do so. OSF then moved to stay the case because Star had filed for bankruptcy. ECF No. 6. The case was stayed, ECF No. 8, until October 7, 2016, when the magistrate judge lifted the stay. Oct. 7, 2016 Text Order. OSF then moved for entry of default against Star, ECF No. 10; the motion was granted, ECF No. 11, and default entered on

November 22, 2016. OSF then filed the instant motion for default judgment on December 2, 2016.

When a party fails to defend or appear, the Clerk must enter a default. Fed. R. Civ. P. 55(a). If a default judgment is for a sum certain, or a sum that can be made certain by computation, the Clerk must then enter a judgment in that amount. *Id.* 55(b)(1). Otherwise, the party must move the Court for entry of judgment. *Id.* 55(b)(2). While a district court cannot enter default judgment without personal jurisdiction over the parties involved, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007), "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "[D]efault judgment[s] establish[], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

OSF sought reimbursement from Star under ERISA for services OSF had rendered to Star's insured in the amount of $97,063.90, who had assigned his benefits from Star to OSF. Compl. 2–3. OSF alleged that while some of the amount had been paid, $59,778.43 remained outstanding. OSF's lawsuit requested judgment in this amount, plus court costs and attorney's fees. *Id.* at 6. As determined by the Court earlier, Star has failed to plead or defend, Nov. 22, 2016 Order, and is in default.

OSF now seeks a default judgment in the amount of its original claim, $59,778.43, Mot. Default J. 2, as well as $4,050 in attorney's fees, *id.*, and $422.50 in court costs, *id. See* 29 U.S.C. § 1132(g)(1) (permitting courts to award costs and fees in ERISA actions). OSF adequately supports, via affidavit, its request for costs and fees. *See* Fees Aff., ECF No. 12-1;

Costs Aff., ECF No. 12-2. Star has failed to plead or defend, and is in default. OSF is entitled as a matter of law to these amounts. *See Breuer*, 687 F.2d at 186.

Accordingly, Plaintiff's motion for default judgment, ECF No. 12, is GRANTED. The Clerk is directed to enter judgment in OSF's favor against Defendant for $59,778.43 in unpaid medical bills, $4,050 in legal fees, and court costs of $422.50. The Clerk is directed to close the case.

Entered this 5th day of July, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE